IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM GILLIAM, § | |
|    PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:20-CV-2366-M-BK |
| § | |
| UNITED STATES OF AMERICA, § | |
|    DEFENDANT. § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. The Court now considers the Government's *Motion to Dismiss Plaintiff's Complaint with Prejudice*, Doc. 9, and Gilliam's *Motion for Fed. R. Civ. P. 11 Sanctions*. Doc. 27. Upon review, the Government's motion to dismiss should be **GRANTED IN PART**, and Gilliam's motion for sanctions should be **DENIED**.

## I. BACKGROUND

Gilliam filed a *pro se* complaint alleging various claims against the United States based on purported actions the Department of Justice ("DOJ"), the Internal Revenue Service ("IRS"), a bankruptcy court, a bankruptcy trustee, and several judicial officers took against him and his company. *See, e.g.*, Doc. 1 at 4-7. Beginning in 1995 and spanning two decades, Gilliam lost his business and became involved in a series of lawsuits in multiple courts within the Fourth and Ninth Circuits that involved tax issues, Doc. 1 at 6, bankruptcy, Doc. 1 at 6, a Social Security levy, Doc. 1 at 5, and tax mitigation, Doc. 1 at 9.[1] The litigation resulted in Gilliam incurring a

---

[1] *See, e.g.*, Doc. 9-1 at 1, 2, 111, 120, 126, 136, 163, 193, 209, 210, 213 (Plaintiff's various cases and judgments).

tax liability of millions of dollars. *See, e.g.*, Doc. 9-1 at 1. Gilliam filed this suit seeking to reverse a 100 percent levy on his Social Security retirement benefits imposed from May 2019 to May 2020, Doc. 1 at 63, reverse an IRS lien, Doc. 1 at 67, mitigate a tax judgment, Doc. 1 at 74, and reverse or relitigate several prior actions because of multiple alleged claims of fraud on the courts. Doc. 1 at 64, 67. The motions *sub judice* followed. Doc. 9, Doc. 27.

## II. APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the [non-moving party]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). To survive a motion to dismiss, [a party's] factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). When deciding a 12(b)(6) motion, the court may rely on the complaint, its attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation and quotation marks omitted).

### III. ANALYSIS

Gilliam explicitly asserts four causes of action, although liberal construction of his complaint reveals the possibility of others. *See Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987) (*pro se* complaints are to be liberally construed.). Fortunately, although the complaint is somewhat abstruse, Gilliam's claims are easily divided into four categories: tax mitigation, unauthorized collection of taxes, failure to release a lien, and fraud on the court. *See* Doc. 1 at 2. The Court thus addresses the claims collectively under each category. The Government argues that all of Gilliam's claims should be dismissed on several bases, including *res judicata*, Doc. 9 at 13-15, failure to exhaust administrative remedies, Doc. 9 at 15-19, and failure to identify a violated statute or regulation. Doc. 9 at 19-20.

**A. Tax Mitigation**

Gilliam first seeks a "mitigation adjustment to income tax claims made by the Government for tax years 1993 and 1995" to eliminate his assessed tax liability for those years. Doc. 1 at 11-12; *see* 26 U.S.C. §§ 1311, *et seq.* The Government argues, *inter alia*, that Gilliam's claim is barred by *res judicata* because these tax liabilities were previously adjudicated and affirmed on appeal by the Court of Appeals for the Fourth Circuit. Doc. 9 at 10, 13. Gilliam does not directly refute the Government's argument, and instead attempts to dismiss it as a "technical *procedural* defense." Doc. 11 at 6 (emphasis in original).

*Res judicata* precludes a subsequent action when (1) the parties are identical in both suits, (2) a court of competent jurisdiction has already rendered a judgment, (3) on the merits, and (4) the plaintiff raises the same claim in both suits. *Matter of Howe*, 913 F.2d 1138, 1143 (5th Cir. 1990) (citations omitted). In assessing whether the plaintiff previously raised the same claim, the critical issue is not the relief requested or the theory asserted, but whether the two actions were

3

based on the same nucleus of operative facts. *Id*. at 1144. Stated differently, a party may not avoid the preclusive effect of *res judicata* by simply asserting a new theory or remedy, as it is the underlying facts, not the theory of recovery, which define the claim. *Id*. at 1144 n.10. *Res judicata* also bars all claims that "*could have been* advanced" in the prior action. *Id*. at 1144 (emphasis in original) (*quoting Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983) (en banc).

In support of its motion to dismiss, the Government attaches judgments from Gilliam's prior cases. *See, e.g.*, Doc. 9-1 at 1. Comparing the judgments in these prior cases to the instant complaint, *see, e.g.* Doc. 1 at 4, reveals the judgments represent the final dispositions of Gilliam's tax mitigation claims. *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (when deciding a motion to dismiss, a court may consider documents incorporated into a complaint by reference); *see also United States ex rel. Willard v. Humana Health Plan of Tex., Inc*., 336 F.3d 375, 379 (5th Cir. 2003) (in resolving a Rule 12(b)(6) motion, "the court may consider . . . matters of which judicial notice may be taken.").

Gilliam does not deny that his 1993 and 1995 tax claims were litigated previously and admits as much in his response brief. *See* Doc. 11 at 9-10. These prior actions are premised on the same nucleus of operative facts as Gilliam's current claim and have been extensively litigated by district, bankruptcy, tax, and appellate courts for the last two decades. *See, e.g.*, Doc. 9-1 at 1, 2, 209-10. There also is no dispute that the same parties were involved, the courts issuing the judgments were of competent jurisdiction, the judgments were final and on the merits, and the same claims Gilliam asserts here either were or could have been asserted in the earlier actions. *See, e.g.*, Doc. 9-1 at 1, 2, 209, 210. Indeed, the Court cannot identify any part of Gilliam's tax

4

mitigation claims that have not been raised in prior litigation. Thus, *res judicata* applies to preclude the litigation of Gilliam's tax mitigation claims in this case. They should be dismissed.

### B. Unauthorized Tax Collection

Gilliam also complains of the Government's allegedly unlawful tax collection practices--specifically, a tax levy on his Social Security benefits. Doc. 1 at 11; *see* 26 U.S.C. § 7433. According to Gilliam, the levy arose from a "stipulated 2017 garnishment order" Gilliam entered into with the Government. Doc. 1 at 12. The Government argues Gilliam's claim should be dismissed for failure to exhaust administrative remedies, failure to identify the statute the IRS allegedly violated, and as precluded by *res judicata*. Doc. 9 at 13-16. Gilliam contends he adequately exhausted his administrative remedies as he "continually notified" the Government of his demand, including at a deposition and by written notice. Doc. 11 at 19-21, 23; Doc. 1 at 61.

Before a plaintiff can sue for the unauthorized collection of a tax, he must first exhaust all administrative remedies. 26 U.S.C. § 7433(d)(1). The IRS promulgated regulations that specify the administrative remedies available to such a plaintiff. *See* 26 C.F.R. § 301.7433-1; *Gray v. U.S.*, 723 F.3d 795, 799 (7th Cir. 2013). Exhaustion begins with submitting an administrative claim to the IRS "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(d)-(e). The regulation is explicit: "no action . . . shall be maintained in any federal district court" before a claim is filed, and the IRS has either ruled on it or six months have passed since filing. *See* 26 C.F.R. § 301.7433-1(d). Failure to exhaust this remedy is critical to maintaining a civil court action and can result in dismissal. *Gray*, 723 F.3d. at 802.

5

> While exhaustion of administrative remedies is not a jurisdictional prerequisite to suit, which would mean the requirement could not be waived and the courts would be required to raise the issue on their own initiative, exhaustion is still a statutory requirement for recovery, § 7433(d)(1), and a condition of the government's waiver of sovereign immunity. The government is entitled to insist on exhaustion.

Gray, 723 F.3d. at 798.

While Gilliam is not *required* to plead exhaustion of remedies to survive a motion to dismiss for failure to state a claim, *see Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011), he did so here. In a section of his complaint titled "EXHAUSTION OF ADMINISTRATIVE REMEMDIES AND JURISPRUDENCE ON THE STATUTE OF LIMITATIONS INVOLVING FRAUD ON THE COURT," Gilliam avers:

> 376. Gilliam has continually notified Defendant of his proper demand for (1) civil damages as set forth in the First Claim for Relief, (2) continually advised Defendant, including at a 2019 collection deposition, of the facts leading to the circumstances giving rise to the remedy of tax mitigation, and (3) during the same 2019 deposition Gilliam advised Defendant of instances of fraud on the court.
>
> 377. In 2019 Gilliam unsuccessfully attempted to petition the Taxpayer Advocate for assistance in a clearly illegal levy action. In response the IRS misinformed the Advocate, concealing the fact that the IRS, and not DOJ had authorized the levy and willfully denying Gilliam his right to Taxpayer Advocate administrative relief.
>
> 378. In 2020 Gilliam's counsel expressly advised Defendant (DOJ and IRS) in writing of the circumstances surrounding Gilliam's right to 26 U.S.C. §§ 7432 and 7433 remedies as well as claims for fraud on the court. Rather than responding, Defendant has chosen to ignore each and every claim for administrative relief or any other form of relief and instead continued their fraud on the court.

Doc. 1 at 61.

Despite the fact that Gilliam was not required to plead exhaustion, the Court is not obliged to ignore that he chose to do so, and that based on his allegations, he has indeed failed to exhaust his administrative remedies as the Government alleges. *Cf. Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 438 (D.C. Cir. 2007) ("even when failure to exhaust is

6

treated as an affirmative defense, it may be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense on its face") (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.")). Accordingly, the Government is entitled to dismissal on this ground.[2]

### C. Failure to Release Lien

Gilliam also claims under 26 U.S.C.§ 7432 that the Government unlawfully placed a lien on his property. Doc. 1 at 67. Gilliam alleges that in 2015, based on an order of a bankruptcy judge, the IRS reapplied previously removed liens. Doc. 1 at 8-9; Doc. 1 at 73-74. The Government contends, *inter alia*, that because the district court and the Court of Appeals for the Fourth Circuit affirmed the bankruptcy court's judgment, Doc. 9 at 7 & Doc. 9-1 at 2, Gilliam's claim should be dismissed as precluded by *res judicata.* Doc. 9 at 14. The Court agrees. Gilliam's failure to release lien claim is based on the same nucleus of operative facts and involves the same parties as claims previously litigated and disposed of by final judgment of a competent court. *See supra*; *Matter of Howe*, 913 F.2d at 1144. Specifically, Gilliam has already unsuccessfully litigated whether "equitable retroactive tolling" should apply to the reinstated liens. *See, e.g.*, Doc. 9-1 at 2. Thus, Gilliam's failure to release a lien claim under section 7432 should be dismissed.

---

[2] Although the Court need not reach the Government's argument that Gilliam's unauthorized tax collection claim is also subject to dismissal on the basis of *res judicata*, the Court notes the Government's concession in its reply brief that this specific claim has not been litigated previously. Doc. 23 at 4. Thus, *res judicata* necessary does not apply to preclude it.

### D. Fraud on the Court

Lastly, Gilliam's complaint alleges numerous fraudulent acts by multiple persons over several decades. He argues that, in light of the purported fraudulent acts, the "1993 and 1995 tax claims [against him] are invalid." Doc. 1 at 26. Among other relief, he seeks "an order directing the Government to declare [Gilliam's] 1993 and 1995 tax obligations as uncollectible . . . and . . . finding that the Government has committed Fraud on the Court and that [Gilliam] is thereby entitled to the remedy of the set aside [sic] of any and all orders and judgments." Doc. 1 at 79-80.

To obtain such an order though, Gilliam must first state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). This he does not do. Gilliam details at length the actions of a chief federal district court judge, a lawyer turned bankruptcy judge, the IRS, a bankruptcy trustee, and the DOJ with which he disagrees and summarily concludes are frauds on the court. Doc. 1 at 19, 20, 21, 22, 24, 65, 67-68, 72; *Collins*, 224 F.3d at 498 (conclusory allegations are not enough to survive a motion to dismiss). Gilliam's allegations, though, do not rise to the level of an independent claim. And repeatedly stating "fraud on the court" is insufficient to plausibly state a claim. *Twombly*, 550 U.S. at 570. Nor does the mere mention of "fraud on the court" cure an otherwise deficient claim. *See, e.g.,* Doc. 1 at 11-12 (generally mentioning acts of fraud and fraud on the court to support his claims discussed *supra*.).

Although *pro se* complaints are held to a less rigorous standard than those drafted by lawyers, *Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987), courts are not required to construe the existence of claims from mere buzz words. In this instance, to the extent Gilliam has tried to plead a claim for fraud on the court, he has woefully failed.

Further, even if the Court construed Gilliam's complaint as successfully alleging a claim for fraud on the court, he significantly and fatally requests relief from the May 2017 judgment that found him liable for his 1993 and 1995 tax obligations. Doc. 1 at 79. Even under the most liberal construction of his complaint, Gilliam alleges no fraud in that judgment.

Gilliam's fraud on the Court claim, if any, should thus be dismissed.

### E. Leave to Amend

A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the [party] has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). *Pro se* litigants in particular should often be offered an opportunity to amend a complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). With exception of his tax liability and failure to release lien claims, which are barred by *res judicata*, it is unclear whether Gilliam can amend his complaint to cure the other deficiencies noted herein. Thus, erring on the side of caution, Gilliam should be granted leave to amend his unauthorized collection of taxes (to demonstrate exhaustion) and fraud on the court claims.

### D. Motion for Sanctions

Gilliam argues the Government should be sanctioned for purportedly false representations made in its motion to dismiss and reply brief. Doc. 27 at 1. The Government responds that its representations were correct, but even if the Court disagrees, the representations were still warranted by existing law or by a nonfrivolous argument. *See, e.g.*, Doc. 28 at 7. A court should not impose Rule 11 sanctions merely for the eventual failure of factual and legal arguments; sanctions should be applied only where, at the time of the filing, the arguments were

unwarranted. *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1300 (5th Cir. 1994). Gilliam has wholly failed to establish such a case here. Thus, his motion for sanctions should be denied.

## IV. CONCLUSION

The Government's *Motion to Dismiss Plaintiff's Complaint with Prejudice*, Doc. 9, should be **GRANTED IN PART**. Gilliam's claims for tax mitigation and failure to release a lien claims should be **DISMISSED WITH PREJUDICE**. Gilliam's claims for unauthorized tax collection and fraud on the court should be **DISMISSED WITHOUT PREJUDICE**, and Gilliam should be granted leave to file an amended complaint to cure, if possible, the deficiencies noted here as to such claims. If, however, within 14 days of the District Judge's Order accepting this recommendation, Gilliam fails to amend his complaint to cure the deficiencies noted herein, at the re-urging of the Government, Gilliam's claim should be **DISMISSED WITH PREJUDICE**.

Gilliam's *Motion for Fed. R. Civ. P. 11 Sanctions*, Doc. 27, should be **DENIED**.

**SO RECOMMENDED** on August 26, 2021.

*/s/ Renee Harris Toliver*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

10

## INSTRUCTIONS FOR SERVICE
## AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 2 (extending the time to file objections to 14 days).