IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM JEFFREY GILLIAM, PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-2366-M-BK |
| | § | |
| UNITED STATES OF AMERICA, DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 2. Now before the Court is Defendant *United States of America's Motion to Dismiss Plaintiff's Amended Complaint*. Doc. 40. For the reasons that follow, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff, who is proceeding without the assistance of counsel, raises various claims against the United States stemming from the purported actions taken against him and his company by the Department of Justice ("DOJ"), the Internal Revenue Service ("IRS"), a bankruptcy judge, two bankruptcy trustees, and several officers. Doc. 39, *passim*. As procedurally relevant here, Defendant filed a motion to dismiss Plaintiff's original complaint, Doc. 9, which the Court granted in part, Doc. 35 at 1; Doc. 37. Specifically, Plaintiff's claims for unauthorized tax collection and fraud on the court were dismissed without prejudice, and his claims for tax mitigation and failure to release a lien were dismissed with prejudice. Doc. 35 at 10; Doc. 37 at 1. Plaintiff was granted leave to file an amended complaint only as to the two claims dismissed without prejudice. Doc. 35 at 10; Doc. 37 at 1. By the instant motion, Doc. 40,

Defendant now seeks dismissal with prejudice of the claims alleged in Plaintiff's *First Amended Complaint*, Doc. 39.[1]

## II. APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed when the court lacks statutory or constitutional authority to adjudicate the claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Moreover, where both Rule 12(b)(1) and 12(b)(6) grounds for dismissal have merit, the court should dismiss only on the jurisdictional ground. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). This prevents a court without jurisdiction from prematurely dismissing a case with prejudice, and thereby allows a plaintiff to pursue his claim in a court that does have proper jurisdiction. *Id.*

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v.*

[1] In his *First Amended Complaint*, Plaintiff reasserts his claims for tax mitigation and failure to release a lien despite the Court having dismissed them with prejudice. Doc. 39 at 34-38. To the extent Plaintiff's amended complaint includes claims beyond the scope permitted, the Court does not revisit them here. *See Rojas v. MegaMex Foods, LLC/Don Miguel Foods*, No. 3:19-CV-1712-B-BK, 2021 WL 706782, at *1 n.2 (N.D. Tex. Feb. 2, 2021) (Toliver, J.) (refusing to consider a claim for which leave to amend was not granted), *adopted by* 2021 WL 693654 (N.D. Tex. Feb. 19, 2021); *see also Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9245462, at *4 (E.D. Tex. Dec. 14, 2016) (granting a motion to dismiss claims that were beyond the scope of the court's authorization), *aff'd by* 708 F. App'x 158 (5th Cir. 2017).

*Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted). When deciding a Rule 12(b)(6) motion, the court may rely on the complaint, its attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quotation omitted).

## III. ANALYSIS

### A. Unauthorized Tax Collection

Plaintiff complains of Defendant's allegedly unlawful tax collection practices—specifically, a tax levy on his Social Security benefits. Doc. 39 at 33, 38. Defendant moves to dismiss this claim for Plaintiff's failure to demonstrate he exhausted his administrative remedies. Doc. 40 at 4-5. Before a plaintiff can sue for the unauthorized collection of a tax, he must first exhaust all administrative remedies. 26 U.S.C. § 7433(d)(1). Exhaustion begins with submitting an administrative claim to the IRS "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(d)-(e). The regulation is explicit: "no action . . . shall be maintained in any federal district court" before a claim is filed, and the IRS has either ruled on it or six months have passed since filing. 26 C.F.R. § 301.7433-1(d). Exhaustion is a critical jurisdictional requirement to maintaining a civil court action, and failure to do so can result in dismissal. *See Townsend v. U.S. Dep't of Just. Immigr. & Naturalization Serv.*, 799 F.2d 179, 181 (5th Cir. 1986) ("When exhaustion is

statutorily mandated, the requirement is jurisdictional."); *Merchia v. United States*, No. 18-10424-PBS, 2019 WL 2501883, at *5 (D. Mass. June 17, 2019) ("Courts have dismissed claims for lack of jurisdiction under [section 7433] when plaintiffs have failed to adequately allege they followed administrative procedures prior to filing suit.").

A plaintiff pleading a cause of action under section 7433 should state in his complaint "what [he] did to comply with the requirements of 26 C.F.R. § 301.7433-1(e)." *Schortmann v. United States*, No. CIV.A. 12-10005-RWZ, 2013 WL 2247585, at *1 (D. Mass. May 20, 2013). In his *First Amended Complaint*, Plaintiff alleges he sent a "[section] 7433 compliant request for administrative remedies to the IRS District Director." Doc. 39 at 38. Defendant counters that Plaintiff's allegedly compliant request "consists of a 'Request for Reconsideration' made by Plaintiff to the Social Security Administration and a letter to Plaintiff from the Taxpayer Advocate Service," which do not "satisfy Plaintiff's exhaustion requirements." Doc. 40 at 4; Doc. 15 at 2 (Letter); Doc. 15 at 4 (Request for Reconsideration). In Plaintiff's *Comments and Objections to August 26, 2021 Findings, Conclusions and Recommendation of United States Magistrate Judge*, he refers to these documents as "copies of the exhaustion materials sent to the IRS District Director and the Taxpayer Advocate." Doc. 36 at 23. Plaintiff's response to the motion *sub judice* further clarifies that these documents are the sole basis for his argument that he exhausted his administrative relief. Doc. 41 at 19. But a plaintiff's complaint must allege the plaintiff "informed the IRS of his intent to seek damages, the amount of those damages, the grounds for his claim for damages, or a description of the injuries he incurred." *Merchia*, 2019 WL 2501883, at *5. Merely filing a refund request does not meet this requirement. *Streeter v. United States*, 150 F. Supp. 3d 82, 92 (D. Mass. 2015).

Plaintiff's own pleadings and exhibits demonstrate that he has not fulfilled the mandatory exhaustion requirement; thus, the Court lacks jurisdiction. Doc. 40 at 4; *see Merchia*, 2019 WL 2501883, at *5 (finding plaintiff failed to adequately allege he exhausted his administrative remedies when the only document he filed with the court was a tax return form requesting a refund); *see also In re Yordan*, 126 A.F.T.R. 2d 2020-5841 (Bankr. D.P.R. 2020) (finding plaintiff's letters that purportedly showed exhaustion were insufficient because they were not addressed to the area director, did not describe any damage suffered by the plaintiffs, failed to state a dollar amount in requested damages, and did not include supporting evidence). Moreover, despite being given the opportunity to replead, he has not pled any additional facts from which it can be inferred that he exhausted his administrative remedies. Thus, this Court lacks jurisdiction over the unauthorized tax collection claim he attempts to assert.

**B. Fraud on the Court**

Plaintiff's *First Amended Complaint* details the actions of a lawyer turned bankruptcy judge, the IRS, two bankruptcy trustees, and a DOJ attorney that Plaintiff asserts in conclusory fashion were fraudulent. Doc. 39 at 22-28. Plaintiff argues that, in light of these acts, the Court should "set aside all orders and judgment from 1997 through 2009 that involve affirmation of Defendant's 1993 and 1995 tax claims." Doc. 39 at 38. But his amended claim amounts to nothing more than a reorganization and abbreviation of the same contentions in the original complaint that the Court has found deficient. *E.g.*, *compare* Doc. 1 at 30-31 (stating that "[o]nce Judge Waites took over judicial duties in the three Gilliam affiliated bankruptcies . . . Defendant *clearly* and *knowingly* benefitted from Judge Waites' jurisprudence." (emphasis in original)) *with* Doc. 39 at 22-28 (re-alleging that Defendant benefitted from Judge Waites' jurisprudence). While Plaintiff's amended complaint evidences his disagreement with Defendant's previous

actions, it nevertheless fails to adequately allege fraud. *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Although *pro se* complaints are held to a less rigorous standard than those drafted by lawyers, *Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987), courts are not required to construe the existence of claims from mere buzz words.[2] To the extent Plaintiff has attempted to plead a claim for fraud on the court based on Defendants' actions, he has failed once more.[3]

## IV. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when a plaintiff has already pled his best case. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). At this juncture, after being previously granted the opportunity to cure the deficiencies in Plaintiff's original complaint, Plaintiff has failed to do so in his amended complaint. Under these circumstances the Court can only conclude that he has pled his best case after receiving notice of said deficiencies. Thus, an additional grant of leave to amend would be futile and cause needless delay. *See Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.") (citations omitted).

---

[2] Defendant argues that, in the alternative, the Court is an improper forum to consider Plaintiff's fraud on the court claim. Doc. 40 at 3. "The proper forum in which to assert that a party has perpetrated a 'fraud on the court' is the court which allegedly was a victim of that fraud." *Wilson v. C.I.R.*, 309 F. App'x 829, 833 (5th Cir. 2009) (quotation omitted). Defendant's motion should be granted based on this reasoning as well.

[3] Plaintiff makes a contingent "request for an order directing the United States to engage in settlement discussions that are a matter of right described in the Taxpayer Advocate Statutes as well as an administrative procedure described in the Internal Revenue Manual." Doc. 41 at 29. But this claim exceeds the scope of the Court's allowance, as Plaintiff raised it for the first time in his amended complaint, not in his original.

## V. CONCLUSION

For the foregoing reasons, Defendant *United States of America's Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 40, should be **GRANTED**, and Plaintiff's remaining claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on May 11, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).